HERMAN V. KILTS, Claimant, v. THE STATE OF NEW YORK.

Claim No. 15023.

(State of New York, Court of Claims, September, 1920.)

Surface waters — state not liable for obstruction of.

It is well settled that no liability arises from the obstruction of surface waters and their flow by a lower proprietor although the result is to dam the water back upon the land of an adjoining or upper owner.

The state, in order to carry off the waters from a drainage ditch which it had constructed across claimant's land, excavated another ditch on its own land leading from the other ditch and into the Barge canal. Because of obstructions by vegetation and debris in the state ditch, the flow of water in the drainage ditch on claimant's land was impeded and it backed up, inundated and saturated a part of claimant's land, rendering it unfit for cultivation, and destroying the growing crops thereon. *Held*, that the evidence showing that the waters in the ditches were exclusively surface waters, the claim for damages will be dismissed.

CLAIM for damages for destruction of crops growing on claimant's land.

A. T. Wilkinson, for claimant.

John H. Clogston, deputy attorney-general, for state.

CUNNINGHAM, J.   In the year 1916, and for several years previously, the claimant owned and cultivated a farm in the town of Verona, Oneida county. This farm is bounded on the north by property known as the Casterton farm. The state of New York appro-

Misc.]        Court of Claims, September, 1920.

priated a part of the Casterton farm and constructed
a portion of the Barge canal across it in an easterly
and westerly direction, at a point immediately south
of the stream known as Wood creek. For many years
before the construction of the Barge canal a part of
the claimant's farm was drained by means of an arti-
ficial drainage ditch extending across that part of his
premises in a northerly direction to and across the
Casterton farm, emptying into a natural stream at the
location of the Barge canal, or somewhat northerly
of it. This stream formed a junction with Wood
creek. The canal cut off the drainage ditch at the
point where it emptied into the stream. In order to
carry away the water flowing into the drainage ditch,
the state excavated another ditch on its own property
leading from the drainage ditch first mentioned in an
easterly direction and into the Barge canal. Prior to
the year 1916, the ditch so constructed by the state
became partially filled up by vegetation and debris
so that it did not discharge or drain the water freely.
In the summer of 1916, because of these obstructions
in the state's ditch, the flow of water in the drainage
ditch on the claimant's land was impeded and it
backed up, inundated and saturated a part of the
claimant's land, rendering it unfit for cultivation
and destroying the crops growing on it.

We find from the evidence that the waters in the
ditches were not those of any natural stream or
streams, but were exclusively surface waters. Such
being the case, it is clear that there can be no recovery
by the claimant because of the interruption or inter-
ception of the first described ditch by the Barge canal
construction, or by the subsequent omission or failure
on the part of the state to keep the ditch on its lands
open and unimpeded. It is well settled that no liability
arises from the obstruction of surface waters and their

Court of Claims, September, 1920.　[Vol. 113.

flow by a lower proprietor, although the result is to dam the water back upon the land of an adjoining or upper owner. 40 Cyc. 642; *Howard* v. *City of Buffalo,* 211 N. Y. 241, 258; *Erwin* v. *Erie R. R. Co.,* 98 App. Div. 402; affd., 186 N. Y. 550; *Barkley* v. *Wilcox,* 86 id. 140; *Gould* v. *Booth,* 66 id. 62.

This court has applied this general rule or principle of law to the specific case of surface waters flowing or carried through a drainage ditch, and has asserted the principle of non-liability for interference therewith, in a recent case in which no opinion was written in this court, nor in the Appellate Division, the case being *Byrnes* v. *State of New York,* affd., 189 App. Div. 923. A motion by claimant for leave to appeal was denied by the Court of Appeals. This claim, therefore, should be dismissed.

ACKERSON, P. J., and WEBB, J., concur.

Claim dismissed.